LOUIS M. BUBALA III, ESQ.
State Bar No.: 8974
ARMSTRONG TEASDALE LLP
50 W. Liberty St., Ste. 950
Reno, NV 89501
Telephone:  775.322.7400
Fax:  775.322.9049
Email:  lbubala@armstrongteasdale.com
  and   bsalinas@armstrongteasdale.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRANCH BANKING & TRUST CO., <br><br> Plaintiff, <br> vs. <br><br> BIG STUFF STORAGE LLC; MARY C. MILLER; JOHN A. SCHOPF, JR.; WENDY AUSLEN SCHOPF; and CITY OF RENO, <br><br> Defendants. | Case No.: 3:12-cv-00279-___-_____ <br><br> **DECLARATION OF LOUIS M. BUBALA III IN SUPPORT OF EMERGENCY MOTION AND PROPOSED ORDER FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND APPOINTMENT OF A RECEIVER** |

I, Louis M. Bubala III, declare as follows:

1. My law firm is counsel to Plaintiff Branch Banking & Trust Co. ("BB&T") in this case and the related bankruptcy case, *In re Big Stuff Storage LLC*, Case No. BK-N-10-50471-GWZ (Bankr. D. Nev.).  I am a partner in the firm and have been lead counsel on this matter since 2010.  I have been a member of the Nevada State Bar since 2004, admitted to practice before the federal courts of Nevada since 2005, and been in good standing at all times.

2. Pursuant to Local Rule 7-5 regarding the filing of emergency motions, I have filed this as an emergency motion to preserve the value of Defendant Big Stuff Storage's storage business, the collateral securing BB&T's note and first priority deed of trust.  The property currently is being managed by the bankruptcy trustee, Christina Lovato.  Late on Friday, May 11, 2012, I spoke with Ms. Lovato and she informed me of her intent to abandon the property as of June 1, 2012.  Ms. Lovato filed a motion with the Bankruptcy Court on May 24, 2012, seeking approval of her abandonment.  Based on my experience in bankruptcy court and knowledge of the Big Stuff bankruptcy case, I believe the motion will be granted.

3. I have no reason to believe the Big Stuff can or will manage the property. BB&T already has recorded a notice of default. I am advised that a notice of sale will be recorded on May 25, 2012, and a non-judicial foreclosure sale is anticipated to occur on June 18, 2012. If this motion is not heard on an emergency basis, there is substantial risk that Big Stuff's storage property (and BB&T's economic interest in the property as its collateral) will be irreparably harmed due to a lack of management and the demise of the business as a going concern.

4. Below are the office addresses, phone numbers, and emails, to the extent known, of all affected parties, and the efforts to contact them. The address and phone number of movant's counsel is listed at the start of this declaration.

**Big Stuff Storage LLC (borrower/defendant)**

John Gezelin, Esq., bankruptcy counsel for Big Stuff

    Law Office of Alan R. Smith, 505 Ridge St., Reno, NV 89501

    Office, (775) 786-4579

    Email, mail@asmithlaw.com

    Emailed on May 22, 23 & 24, 2012, advising of impending lawsuit and motion, and requesting consent to appointment of receiver. Mr. Gezelin responded the morning of May 23 that he would ask his client. I have not received further response.

Alan and Elizabeth Huber, managing members for Big Stuff

    7560 Hillview Drive, Reno, NV 89506 (address per Nevada Secretary of State)

    Phone number unknown

    Email, ajhuber@charter.net.

Mark and Giselle Huber, members of Big Stuff

    1570 Blaine Ave., Salt Lake City, UT 84105 (address per bankruptcy filing in Utah)

    Phone number unknown

    Email, mark@markhuber.com.

1 **Miller/Schopf Defendants (beneficiaries of second priority deed of trust)**

2 Sallie Armstrong, Esq., Downey Brand LLP, bankruptcy counsel for Z Servicing, Inc.,

3     servicing agent for Miller/Schopf Defendants

4     427 Plumb Ln., Reno, NV 89509

5     Office, (775) 329-5900

6     Email, sarmstrong@downeybrand.com.

7     Emailed on May 22, 2012, advising of impending lawsuit and motion, and requesting

8         consent to appointment of receiver requesting consent to appointment of

9         receiver. Ms. Armstrong responded that she has closed her file but forwarded

10         my email to her client contact.

11 Wayne Snyder, president, treasurer and registered agent for Z Servicing, Inc.

12     1089 Deer Cliff, P.O. Box 770, Zephyr Cove, NV 89448

13     Office, (775) 588-2509

14     Email, wayne@zlai.com

15     Called on May 23, 2012. Mr. Snyder advised that Mr. Schopf is his business partner

16         in Z Servicing, Inc., and the related Z Loan & Investment, LLC. He also

17         advised that Mr. and Mrs. Schopf are husband and wife, and that Ms. Miller is

18         Mr. Schopf's mother. Mr. Snyder advised that Ms. Armstrong was no longer

19         engaged by Z Loan, but that he is authorized to accept service for the

20         Schopf/Miller Defendants and that they do not oppose the appointment of a

21         receiver. He also advised that the Schopf/Miller Defendants reside in Douglas

22         County, Nevada.

23 Mary C. Miller, John A. Schopf, Jr., and Wendy Auslen Schopf

24     I do not immediately have addresses, phone numbers or emails for them, as this

25         information is not provided on their deed of trust.

26 **City of Reno (lien holder for $575 in unpaid sewer fees)**

27 Susan Ball Rothe, Esq., Deputy City Attorney for City of Reno

28     One East First Street, Reno, NV 89501

...

Office, (775) 334-2050

Email, rothes@reno.gov

Emailed City Attorney John Kadlic on May 22, 2012, advising of impending lawsuit and motion, and requesting.  On May 23, 2012, I spoke and emailed with Deputy City Attorneys Susan Ball Rothe and Jonathan Shipman.  Ms. Rothe stated that the city did not oppose the appointment of a receiver.

**Bankruptcy Trustee (notice purposes only)**

Christina Lovato, Chapter 7 Bankruptcy Trustee for Big Stuff Storage LLC

P.O. Box 18417, Reno, NV 89511

Office, (775) 851-1424

Email, trusteelovato@att.net.

Emailed on May 22-23, 2012, advising of impending complaint and motion.  Ms. Lovato responded that she does not oppose the appointment of a receiver.

5. After personal consultation and sincere effort to do so, I have been unable to resolve the matter without Court action.  It also is my understanding based on my prior research within the last year that the State of Nevada considers the appointment of a receiver to be a matter of law, and that a receiver may not be appointed without a court order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of May, 2012.


 /s/Louis M. Bubala III_____

LOUIS M. BUBALA III